BOUTALL, Judge.
An employee sues her employer seeking additional workman’s compensation benefits for a work-related accident. The trial court dismissed her suit and she appeals. We affirm.
On October 26, 1979, Eileen Warren was employed as a bartender for Host International, Inc., at New Orleans International Airport in Kenner, Louisiana, when someone accidentally knocked a cash register over causing Warren to fall against a wall injuring herself. She was taken to East Jefferson General Hospital for treatment of possible injuries to her knee, ankle and back. In consequence of the accident, Host International’s insurance company, Hartford Accident and Indemnity Company, paid her workmen’s compensation benefits for a period of ten weeks plus her medical expenses. Warren brought suit seeking that she be found to be either permanently totally disabled or partially disabled.
The dispute in this case is over the manner in which the accident occurred and the extent of the injuries suffered by Warren. She testified that a worker named Fred White knocked the cash register over causing it to strike her knee and ankle. Warren testified that she was then forced up against the wall located behind the bar injuring her back. An inconsistency develops concerning Warren’s version of the accident because in a previous deposition she claimed that she was forced to the floor as a result of being hit by the cash register. Warren also claims that she has not been able to work for Host International or for any other employer due to the severity of her injuries. Host International questions these claims made by Warren and in response offers the testimony of Fred White and its personnel director, Mrs. Gina Terre-bonne. Fred White testified that Warren fell against the wall when he knocked the cash register over but that he did not see the cash register strike her at any point. Terrebonne testified that she had to force Warren to go to the hospital after the accident because Warren told her that she did not want to go because it was a waste of time and that she had a date that night. In addition, Terrebonne testified that she could see no cuts, abrasions or any other physical evidence which would indicate that the cash register hit Warren.
In her attempt to show the nature of her injuries, the plaintiff offered the testimony of a chiropractor while the defendant submitted the depositions of several physicians. The chiropractor, A. J. Hutchinson, first saw the plaintiff the day after the accident and on numerous occasions thereafter over the next few weeks. He testified that the accident apparently had caused some nerve irritation due to a tilting of the vertebrae in the lower back region and that after proper treatment he released her from corrective care on January 30, 1980. Dr. Irving Re-dler, an orthopedist, was deposed and stated that he performed a neurologic examination of the plaintiff on December 28, 1979, and found nothing abnormal. Dr. Redler believed that plaintiff did not show any functional or residual impairment as a result of the accident and that she would not require any further orthopedic treatment. Relying on Dr. Redler’s report, Hartford stopped paying compensation benefits a few days later. The deposition of Dr. Fortunato J. Padua, a general practitioner, revealed that Dr. Padua saw the plaintiff on January 18, 1980, and that the plaintiff complained of pain in her lower back, foot, knee and abdominal pains which she attributed to the accident in question. After examining her, Dr. Padua believed that the plaintiff could possibly have a lumbar sprain but that he did not see any need for him to render her any further treatment. The plaintiff also saw Dr. Raul Reyes, a general surgeon, on May 27, 1980. The deposition of Dr. Reyes indicated that he believed that the plaintiff may have suffered from a lumbar sprain and that he expected her to recover within a few weeks upon receiving proper medical treatment.
After listening to the testimony offered and reviewing the depositions submitted, *382 the trial court dismissed plaintiff’s suit without reasons. It is our belief that there is nothing in the record which would suggest that the trial court was in error in its assessment of the facts or the extent of the injuries that the plaintiff-appellant may have suffered. The medical testimony indicates that the plaintiff was capable of returning to work in the early part of January of 1980, but that she has made no attempt to return to work or seek other gainful employment. In accordance with our belief that the plaintiff was adequately compensated for any injuries which she may have incurred, the trial court’s action dismissing plaintiff’s suit is affirmed.
AFFIRMED.